

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00123-CV

Blanca **HERNANDEZ**,
Appellant

v.

**TEXAS DEPARTMENT OF INSURANCE, WORKERS' COMPENSATION DIVISION**,
and Rod Bordelon Jr. in His Official Capacity as Commissioner of Workers' Compensation,
Appellees

From the 293rd Judicial District Court, Maverick County, Texas
Trial Court No. 12-12-28082-MCV
Honorable Cynthia L. Muniz, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:        Karen Angelini, Justice
                Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  July 30, 2014

AFFIRMED

This is an appeal from a trial court's order granting a plea to the jurisdiction and motion to dismiss. Appellant Blanca Hernandez contends the trial court erred because the trial court has jurisdiction to consider her claims for declaratory action against appellees, the Texas Department of Insurance, Division of Workers' Compensation and Rod Bordelon Jr., in his official capacity as Commissioner of Workers' Compensation. We affirm the trial court's judgment.

**BACKGROUND**

Appellant Blanca Hernandez was injured while employed by the Eagle Pass Independent School District. Hernandez filed a claim for compensation with the Texas Department of Insurance – Division of Workers' Compensation ("DWC") based on her injuries. Her claim for compensation was denied after a contested case hearing held by the DWC. The denial was affirmed after review by an appellate panel of the DWC. Subsequently, Hernandez filed a petition, seeking judicial review of the DWC's decisions. Hernandez's petition also sought a declaration under the Uniform Declaratory Judgments Act ("UDJA") that the DWC and Commissioner Bordelon "abide by all clear and unambiguous language of the Texas' Workers' Compensation Act and the DWC's own rules in ruling upon a dispute."

In response to Hernandez's petition, the DWC and Commissioner Bordelon filed a Plea to the Jurisdiction and Motion to Dismiss based on sovereign immunity as to the declaratory judgment action. The trial court granted the plea, and Hernandez subsequently perfected this appeal.[1]

**ANALYSIS**

Hernandez raises a single issue on appeal, contending the trial court erred in granting the DWC's and Bordelon's Plea to the Jurisdiction and Motion to Dismiss on the basis of sovereign immunity. We disagree.

In Texas, the doctrine of sovereign immunity deprives the trial court of subject-matter jurisdiction for lawsuits in which the state or certain governmental units have been sued, unless the state has consented to suit. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). A claim of sovereign immunity is properly asserted in a plea to the jurisdiction. *City*

---

[1] The portion of Hernandez's petition seeking judicial review of the DWC's decision was not the subject of the plea and is not before us for review.

*of San Antonio v. De Miguel*, 311 S.W.3d 22, 25 (Tex. App.—San Antonio 2010, no pet.). We review the trial court's ruling on a challenge to its subject matter jurisdiction *de novo*. *Miranda*, 133 S.W.3d at 228.

Here, the plea to the jurisdiction challenged the trial court's subject matter jurisdiction to hear Hernandez's UDJA claims. The Texas Supreme Court recently held that "sovereign immunity bars UDJA actions against the state and its political subdivisions absent a legislative waiver." *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 620 (Tex. 2011). Hernandez has not directed the court to any legislation waiving the DWC's immunity to the declaratory action brought under the UDJA here. Accordingly, we overrule this portion of Hernandez's issue and hold the trial court did not err by granting the plea to the jurisdiction regarding the declaratory judgment action brought against the DWC. *See id.*

Hernandez directs this court to the supreme court's decision in *City of El Paso v. Heinrich* for the proposition that she can, in fact, bring a declaratory judgment action under the UDJA against the DWC. 284 S.W.3d 366 (Tex. 2009). We disagree. The *Sefzik* decision specifically held that "under *Heinrich*, sovereign immunity bars UDJA actions against the state and its political subdivisions absent a legislative waiver." *Sefzik*, 355 S.W.3d at 620 (interpreting *Heinrich*, 284 S.W.3d 366). Accordingly, *Heinrich* does not support Hernandez's position.

Nevertheless, the *Heinrich* decision is relevant to our analysis here because "*Heinrich* clarified an area of law that had been unclear, namely, the intersection between the doctrine of sovereign immunity and the *ultra vires* exception to it." *Id.* Related to the doctrine of sovereign immunity applied above regarding the DWC, is the *ultra vires* exception to the rule, under which claims may be brought against a state official for non-discretionary acts unauthorized by law. *See id.* In addition to seeking declaratory relief against the DWC, Hernandez also sought relief

regarding the alleged actions of Commissioner Bordelon in his official capacity as commissioner of the DWC.

To fall within the *ultra vires* exception to sovereign immunity, the "suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Heinrich*, 284 S.W.3d at 372. Here, Hernandez's declaratory judgment action sought to compel Commissioner Bordelon to "abide by all clear and unambiguous language of the Texas Workers' Compensation Act and the DWC's own rules *in ruling upon a dispute*." (emphasis added). Hernandez's petition is clearly complaining of Commissioner Bordelon's discretionary application of the law to her claim for compensation from the DWC. Therefore, Hernandez has pled a claim against Commissioner Bordelon in his official capacity that does not fall under the *ultra vires* exception to sovereign immunity. *See id.* Accordingly, we overrule this portion of Hernandez's issue and hold the trial court did not err by granting the plea to the jurisdiction regarding the declaratory action against Commissioner Bordelon.

It is well established that when a plea to the jurisdiction is upheld on the basis of sovereign immunity, the plaintiff is allowed the opportunity to replead if the defect can be cured. *See Sefzik*, 355 S.W.3d at 623; *Bacon v. Tex. Historical Comm'n*, 411 S.W.3d 161, 183 (Tex. App.—Austin 2013, no pet.). Having reviewed Hernandez's pleadings, we hold she clearly did not seek to allege *ultra vires* claims against Commissioner Bordelon, but rather sought a declaration that he be required to follow the laws and rules applicable to DWC cases. Accordingly, this is not a "curable" defect, but a choice of claim, and accordingly we hold there is no basis to permit Hernandez to "cure." *See Sefzik*, 355 S.W.3d at 623. The record reflects Hernandez disagrees with the exercise of discretion in the processing and ultimate denial of her claim for compensation from the DWC. This is apparent from the type of declaratory relief requested.

**CONCLUSION**

Based on the foregoing, we affirm the judgment of the trial court.

Marialyn Barnard, Justice